# THE LAW OFFICE OF MARK J. BAIOCCHI

MARK J. BAIOCCHI
mbaiocchi@baiocounsel.com

1717 N. NAPER BLVD.
SUITE 200
NAPERVILLE, IL 60563

630.983.4200
630.983.4223 Fax
630.508.3200 Cell

June 21, 2019

J. Craig Smith
Koskoff Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, CT 00604

RE: Emma Schmidt & Hallie Meyer v. ConAgra Foods, Inc., 3:14-cv-01816 (D-Conn)
("Connecticut Case")

Dear Craig,

Representatives of DS Containers, Inc. ("DSC") were surprised to receive this subpoena in the Connecticut Case ("Second Subpoena"). You may remember that even though DSC is not a party to this litigation in the Connecticut Case and it previously received a similar subpoena ("First Subpoena") from you containing similar requests in this matter back in 2017, the First Subpoena was contested and litigated in the U.S. District Court in the Northern District of IL in Case No. 17-cv-6429 ("IL Case"). You eventually withdrew the Motion to Compel Compliance with the First Subpoena in the IL Case. Admittedly, your motion to withdraw was without prejudice, but the matter was litigated approximately two years ago.

In addition, the aerosol can in question cannot be adequately identified to determine the date of manufacture. My understanding is that you have also refused to provide us with the sister can(s) used by the plaintiffs in the Connecticut action. By identifying the manufacture dates of the sister can(s) we may be able to narrow down the date of manufacture for the can in question even though DSC will not be able to determine the date of manufacture of the can in question with absolute certainty. We have repeatedly asked you to help us help you and you have refused.

Furthermore, my understanding is that the applicable discovery deadline in the Connecticut case was February 22, 2019 and has long expired.

Therefore, on behalf of DSC, please accept the following as DSC's objections to the Second Subpoena served on June 4, 2019.

TIMING

DSC was served with the Second Subpoena on June 4, 2019 requesting that DSC produce certain documents regarding an overly broad category of records by June 26, 2019. Your Second Subpoena was issued and served after the applicable discovery deadline.

As stated above, your request in the Second Subpoena is a subset of your similar requests made in the First Subpoena which was litigated and withdrawn by you in the IL Case approximately two years ago. Your Second Subpoena is not only beyond the expiration of the applicable discovery deadline but you have not proceeded in a timely and diligent manner to seek the records you're attempting to obtain.

1

SCOPE OF PRODUCTION

The documents you have requested are as follows:

"Any and all documents, including specifically all QA testing -Buckle/Burst (Buckle/Flow) documents similar to the one attached as Exhibit A, that reflect testing of the pressure at which DOT-2Q w/Vented Bottom cannisters produced for use with Conagra cooking spray (including, but not limited to, Pam Brand products) buckle and/or burst (flow)."

There is no time limit specified for these records. In subsequent email correspondence you indicated you would limit the records to the period when DSC started to produce these aerosol cans for Conagra to the date of the incident in the Connecticut Case.

Although the above request is limited to cannisters produced for use with Conagra cooking spray (including, but not limited to, Pam Brand products) as distinguished from all cannisters produced for use for all cooking spray manufacturers (request described in the First Subpoena), and even if we limit the timing to the period between 2011 and May 2013, your request is still seeking QA records for an estimated thirty-four million aerosol cans.

Your request is overbroad, especially when you have refused to provide us with access to the sister can(s) so we could significantly narrow down the dates of manufacture accordingly.

RELEVANCE OF DOCUMENT REQUESTS

The request to produce records pertaining to an estimated forty million aerosol cans in your Second Subpoena is burdensome and unwarranted. The burden of engaging in non-relevant discovery from a third party outweighs any likely benefit from such discovery and is contrary to Federal Rule of Civil Procedure 26(b)(l)'s proportionality requirements.

CONFIDENTIALITY AND PRIVILEGE

DSC also objects to the requests in Exhibit A because they ask for confidential, commercially sensitive information. If DSC is required to produce commercially sensitive documents, it needs an opportunity to review any existing protective order to determine whether it is sufficient to protect DSC's interests.

We welcome the opportunity to discuss these matters with you further. Thank you for your attention to this matter.

Sincerely,

Mark J. Baiocchi